**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kemya J. Matthews,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-20-02081-PHX-DWL<br><br>**ORDER** |

At issue is the denial of Plaintiff Kemya Matthews's application for Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA"). Plaintiff, appearing *pro se*, filed a complaint (Doc. 1) seeking judicial review of that denial and an opening brief (Doc. 13). Defendant SSA Commissioner filed an answering brief. (Doc. 14.) Plaintiff did not file a reply brief and the time to do so has long since expired. The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 12) and now affirms the Administrative Law Judge's ("ALJ") decision.

I.    Background

Plaintiff filed an application for SSI benefits in March 2016, alleging an onset of disability date of September 1, 2015. (AR 18). After Plaintiff's claim was initially denied and again upon reconsideration, a hearing was held before an ALJ on December 31, 2018. (AR 34-49.) Plaintiff was 43 years old on the date of the hearing and held previous employment in construction, demolition, landscaping, and various warehouse jobs. (*Id.*)

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's

disability claim based on the following severe impairment: lumbar degenerative disc disease. (AR 21.) Although the ALJ noted that Plaintiff's severe impairment limited his ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work in jobs that exist in the national economy, including fast food worker, counter attendant, and cafeteria attendant, and thus was not disabled. (*Id.* at 27-28). Plaintiff's application was denied by the ALJ on February 11, 2019. (*Id.* at 28.) Thereafter, the Appeals Council denied Plaintiff's request for review of the ALJ's decision and this appeal followed.

II.    Legal Standards

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment

or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

III. Analysis

In his three-page opening brief (Doc. 13), Plaintiff begins by summarizing the background details of the case and some of the medical evidence. (*Id.* at 1-2.) Next, Plaintiff appears to challenge the ALJ's conclusion that Plaintiff did "not meet medical criteria of Listing 1.04," arguing that this conclusion was erroneous because, *inter alia*, "in fact in disorders of the spine I have results stating both disc herniation and nerve root compression of left S1 and right L5 as seen in my MRIs of April and October 2017." (*Id.* at 2.) Next, Plaintiff appears to challenge the ALJ's determination that Plaintiff "ha[s] the residual functional capacity to perform light work," arguing that this determination was erroneous because light work still requires frequent lifting, a "good deal of walking and standing," and "long periods of sitting" yet such activities "are things to avoid with degenerative disc disease [as] stated in the National Library of Medicine." (*Id.* at 3.) Finally, Plaintiff "request[s] permission to submit new evidence that was not available in prior proceedings, to further prove the increase degeneration of [his] L4-L5, L5-S1 and resulting in 2 surgeries in August 2019 and May 2020 after attempting both telemarketing and standby assembly line work as suggested." (*Id.*) The Court thus construes the opening brief as raising three distinct assignments of error and addresses each below.

  A. **The ALJ Did Not Err at Step Three**

As noted, Plaintiff's first assignment of error is that because his severe degenerative disc disease meets the listing requirements of Listing 1.04, the ALJ should have found him

disabled at step three. (Doc. 13 at 2.) The SSA Commissioner disagrees, arguing that the ALJ's step-three analysis was correct. (Doc. 14 at 4-6.)

At step three of the sequential evaluation, a claimant can establish disability if he shows that his impairment meets or equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(a)(4)(iii). "Listed impairments are purposefully set a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citation omitted). The mere diagnosis of a listed impairment "is not sufficient to sustain a finding of disability." *Young v. Sullivan*, 911 F.2d 180, 183-84 (9th Cir. 1990). Rather, "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citation omitted). It is the claimant's burden to prove his impairment meets the criteria of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Here, the applicable listing ("Disorders of the spine") requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.04(A). In his brief, Plaintiff identifies evidence suggesting that some of these elements were satisfied but does not address all of the elements. This, alone, forecloses relief. At any rate, in the underlying decision, the ALJ cited an array of medical evidence negating the existence of some of these elements. (*See, e.g.,* AR 24 ["A physical examination with his primary provider on March 28, 2016, while noting tenderness to palpation, revealed normal range of motion, normal straight leg raise test, normal gait and station and no muscular atrophy."].) Additionally, two state agency consultants and a consultative examiner opined (at least implicitly) that Plaintiff would not meet a listed

impairment, because each opined that Plaintiff was capable of a range of medium work. (AR at 57-59, 69-71, 330-34). Thus, Plaintiff has not established that the ALJ erred at step three.

B.  **The ALJ Did Not Err When Determining Plaintiff's RFC**

Plaintiff next argues that the ALJ erred by concluding he had the RFC to perform light work. (Doc. 13 at 3). In response, the SSA Commissioner argues that the ALJ's RFC determination was supported by substantial evidence. (Doc. 14 at 6-10.)

"Residual functional capacity is an administrative finding reserved to the Commissioner." *Lynch Guzman v. Astrue*, 365 Fed. App'x 869, 870 (9th Cir. 2010) (citing 20 C.F.R. § 404.1527(e)(2)); *see also Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity."). In assessing a claimant's RFC, the ALJ considers and evaluates the medical opinions in the record, assigns a weight to each, and resolves any conflicts or ambiguities between them. 20 C.F.R. § 416.927(c); *Garrison*, 759 F.3d at 1010. An ALJ's RFC determination will be upheld if it was based on substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." *Biestek*, 139 S. Ct. at 1154.

Here, the ALJ cited numerous findings and clinical observations showing normal range of motion in the lumbar spine, full strength in all extremities, intact sensation, normal reflexes, normal gait, no atrophy, and negative straight leg raising test. (AR 22-26). The ALJ further discussed the success of Plaintiff's treatments and Plaintiff's activities of daily living to arrive at her decision that Plaintiff could perform light work. (AR 22-26). Additionally, as noted above, a consultative examiner and two state agency consultants opined that Plaintiff was capable of a range of medium work, a higher exertional level than that arrived at by the ALJ. Plaintiff has not established that the ALJ committed any error.

…

C.  **The Existence of Additional Evidence Does Not Necessitate Remand**

Last, Plaintiff seeks "permission to submit new evidence that was not available" at the time of his hearing. (Doc. 13 at 3.) This evidence apparently relates to car accidents involving Plaintiff that resulted in surgeries in August 2019 and May 2020. (*Id.*).

There is no basis to remand this matter based on apparent new evidence. First, the ALJ instructed Plaintiff at his hearing that he could submit additional evidence (AR 36-37, 48), and Plaintiff was also informed that he could submit new evidence to the Appeals Council (AR 16), but Plaintiff did not do so (AR 1-5). Second, an ALJ is not required to seek additional evidence to further develop the record unless the ALJ finds the record is inadequate, rendering her unable to make a disability determination. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). Here, there is no argument that the ALJ made a disability determination based on an incomplete record. If Plaintiff wishes to rely on medical evidence that arose following his application and ALJ decision, the proper avenue would be to submit a new application for benefits.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 8th day of December, 2021.

Dominic W. Lanza
United States District Judge